JOSEPH DANIELS, Plaintiff in Error, *vs.* IRA WILLIS, *et al.*, Defendants in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The Plaintiff and Defendant Willis submitted certain matters to arbitration, among which was the title of certain personal property which was claimed by the Plaintiff, and had been seized by the Defendant Willis on a writ of replevin. The arbitrators were to determine how the property was to be disposed of. A bond was given by the Defendants, conditioned for the performance of the award by Willis, and his obedience thereto. The award ordered the property to be sold, and the proceeds to be applied to the expenses of the arbitration and to liquidate the amount found due from Daniels, the Plaintiff, to the Defendant Willis. Willis did not perform the award nor obey the same, but appropriated and converted the property wrongfully. *Held*, that a complaint containing these facts disclosed a cause of action in favor of the Plaintiff against the Defendants on the bond.

Points and Authorities of Plaintiff in Error.

I.—Any interference with the property on the part of the Defendant Willis, so that the same was diverted from the purpose or object to which the award directed it to be applied, would be as much a breach of the condition as any other act which the Defendant might or could have done.

II.—The Court erred in sustaining the demurrer.

1. Because the demurrer admits a full and complete breach of the condition of the bond.

2. Because any interference with the property by said Willis, was a refusal to abide the award, and therefore a breach of the condition of the bond.

3. The statute provides the manner of enforcing an award, and any act on the part of either of the parties which would prevent the enforcement of the award, as provided by statute, would be a breach of the condition of the bond and render the makers liable. See *Comp. Stat.*, *p.* 690-91.

Points and Authorities of Defendants in Error.

I.—In an action on a penal bond conditioned for the performance of an award of arbitrators, the complaint must set

forth the terms of such award, the breaches of which are complained of. *See particular specifications in grounds of demurrer on folios 7 and 8 of paper book.*

II.—In the absence of the necessary facts, an averment that an act was wrongful, does not in any manner supply their omission.

DANIELS & GRANT, Counsel for Plaintiff in Error.

COOPER & CROWELL, Counsel for Defendants in Error.

*By the Court*—FLANDRAU, J.—It appears from the complaint that certain controversies existed between the Plaintiff below and Ira Willis. That they were submitted to arbitrators. One subject that was so submitted, and the only one that is specifically mentioned in the complaint, was the title to certain personal property which Willis had seized on a writ of replevin, and which was claimed by the Plaintiff. The arbitrators by their award were to determine how the property was to be disposed of. A bond was entered into by the Defendants to the Plaintiff, in the sum of $500, conditioned that Willis should perform and obey the award of the arbitrators. The award decided that the personal property should be sold at public auction, and that the proceeds of the sale should be applied, first to expenses, &c., and second to liquidate the amount found due from the Plaintiff to Willis. The breach alleged is, that Willis has not performed the award, but has wrongfully converted and appropriated the property, and that no part of it has been applied to the payment of the costs and expenses of the arbitration, nor the payment of the award, and the same has become a total loss to the Plaintiff.

It is true that the complaint does not allege that Willis was to sell the property, nor by whom it was to be sold, nor when; and all that is disclosed as to the possession of it, is in the allegation that it had been seized upon a writ of replevin at the suit of Willis. Yet it does appear that Willis converted and appropriated it wrongfully. This act on the part of Willis, it seems to us, is a breach of the bond that he should obey the award, by effectually putting it out of the power of the per-

son, whose duty it was to sell the property, from performing it. The award could not be performed, in consequence of the wrongful act of Willis, whose duty it was to obey it. The property is lost to Daniels, and the amount adjudged against him stands unpaid. We think, under the circumstances, he has the right to resort to the bond to make himself whole.

The judgment is reversed and the case remanded. The Defendants may answer within twenty days after notice of this decision.